IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Tamiko Baker,

                Plaintiff,       Case No. 1:19-cv-03455

v.                                  Michael L. Brown
                                      United States District Judge

Pinnacle Credit Union,

                Defendant.

_____/

## OPINION & ORDER

Defendant Pinnacle Credit Union moved for summary judgment on Plaintiff Tamiko Baker's claims under the Fair Credit Reporting Act ("FCRA"). (Dkt. 38.) The Magistrate Judge issued a Non-Final Report and Recommendation ("R&R") and recommended denial of Defendant's motion. (Dkt. 45.) Defendant objected. (Dkt. 48.) The Court finds Defendant's objections well-taken, declines to adopt the R&R, and grants Defendant's motion for summary judgment.

**I.**    **Factual Background**

Plaintiff obtained a line of credit from Defendant Pinnacle in September 2011. (Dkt. 38-2 ¶ 1.) Her scheduled payment on the account

was $94.00 per month. (*Id.*) She paid off the loan in January 2018. (*Id.*) Pinnacle closed the account in June 2018 with a $0 balance. (*Id.* ¶ 2.)

In March 2019, Plaintiff received her credit report from Equifax and noted it included information on the Pinnacle loan showing a scheduled monthly payment of $94.00. (*Id.* ¶ 3.) Plaintiff sent Equifax a letter disputing this information as inaccurate. (*Id.* ¶ 5.) Equifax sent an automated credit dispute verification form ("ACDV") to Pinnacle raising the issue. (*Id.*) Pinnacle timely responded. (*Id.* ¶ 6.) It reported a scheduled monthly payment of $94.00, that Plaintiff made her final payment on the account in January 2018, that Pinnacle closed the account in June 2018, and that Plaintiff owed $0 on the account. (*Id.*)

Plaintiff sued Pinnacle a few months later, alleging violations of the Fair Credit Reporting Act.[1] (Dkt. 1.) She claims Pinnacle negligently or willfully violated § 1681s-2(b) of the FCRA by failing to conduct a proper investigation into her dispute and failing to direct Equifax to report the account's tradeline with a monthly payment amount of zero dollars. She claims the reporting of the $94 payment "is inaccurate and creates a

---

[1] In her original complaint, Plaintiff also sued Equifax Information Services, LLC, and Wells Fargo Bank, N.A., but has since dismissed both parties by stipulation. (Dkts. 31; 36.)

2

misleading impression on Plaintiff's consumer credit file with Equifax." (Dkt. 38-2 ¶ 7.)

Defendant Pinnacle moved for summary judgment, submitted an affidavit about how it responded to the ACDV, and argued the undisputed facts show it properly and accurately responded to the inquiry. (Dkt. 38.) Plaintiff did not respond to Pinnacle's statement of facts. The Magistrate Judge properly determined each of Pinnacle's facts are thus admitted and without dispute under the Local Rules. *See* LR 56.1(B)(2)(a)(2), NDGa. Plaintiff also did not submit her own version of the facts or authenticated copies of the credit reports she claims contain inaccurate information. (Dkt. 45 at 16 n.3.) The Court thus cannot consider the actual reports on which her claims are based and instead relies on the undisputed statement of facts Pinnacle submitted, which included the information it provided Equifax in response to the ACDV. (Dkt. 38-2.)

The Magistrate Judge recommended denial of Pinnacle's motion. He concluded a reasonable jury could determine it was "technically inaccurate and misleading" for Pinnacle to report the scheduled monthly payment. (Dkt. 45 at 14.) Pinnacle objected to the R&R on multiple

3

grounds, including that the Magistrate Judge misapplied the law, incorrectly equated an ACDV with a credit report and thus applied the wrong analysis, improperly relied on case law from outside this circuit, and erroneously concluded Pinnacle did not meet its burden when Plaintiff cited no authenticated evidence or case law in opposition to Pinnacle's motion for summary judgment.  (Dkt. 48 at 2–3.)

## II.   Legal Standard

The district court must "conduct[ ] a plain error review of the portions of the R&R to which neither party offers specific objections and a de novo review of the Magistrate Judge's findings to which [a party] specifically objects."  *United States v. McIntosh*, No. 1:18-cr-00431, 2019 WL 7184540, at *3 (N.D. Ga. Dec. 26, 2019); *see* 28 U.S.C. § 636(b)(1); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).  Based on that review, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

A party objecting to a magistrate judge's R&R must specifically identify those finding to which he or she objects.  *Marsden v. Moore*, 847

F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.*

## III.  Discussion

"The FCRA seeks to ensure fair and accurate credit reporting." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016) (internal quotation marks omitted).  It thus governs claims by consumers (like Plaintiff) against furnishers of information (like Pinnacle) based on an allegation that the furnisher submitted incorrect information about the consumer's credit history to credit reporting agencies.  *See generally* 15 U.S.C. §§ 1681a(c) & (f), § 1681s-2(a).  The FCRA imposes two separate statutory duties on Pinnacle and other furnishers of information.  First, § 1681s-2(a) requires furnishers to submit accurate information to credit reporting agencies and, second, § 1681s-2(b) requires furnishers to investigate and respond promptly and accurately to notices of consumer disputes.  *See Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008).  While both duties embrace the need for accurate information, the Eleventh Circuit has recognized that "accuracy" is not a self-defining concept and the FCRA provides little or no guidance as to how the term should be applied.  *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d

1151, 1157 (11th Cir. 1991). In an effort to provide some guidance, the Court of Appeals has explained:

> [a]lthough a credit reporting agency has a duty to make a reasonable effort to report "accurate" information on a consumer's credit history, it has no duty to report only that information which is favorable or beneficial to the consumer. Congress enacted FCRA with the goals of ensuring that such agencies imposed procedures that were not only "fair and equitable to the consumer," but that also met the "needs of commerce" for accurate credit reporting. Indeed, the very economic purpose for credit reporting companies would be significantly vitiated if they shaded every credit history in their files in the best possible light for the consumer. Thus, the standard of accuracy embodied in section 607(b) is an objective measure that should be interpreted in an evenhanded manner toward the interests of both consumers and potential creditors in fair and accurate credit reporting.

*Id.*

Plaintiff does not allege a violation of the first duty. Indeed, neither party has introduced Plaintiff's initial Equifax report or even explained it in any detail. Plaintiff says it showed a scheduled monthly payment of $94.00 but does not allege whether it also showed a zero balance. (Dkt. ¶ 10–12). Defendant Pinnacle also does not dispute her allegation but provides no further information and failed to provide an authenticated version of the original credit report. (Dkt. 38-2 ¶¶ 2–3.)

Plaintiff, however, alleges a violation of the second duty — the duty imposed on furnishers of information to investigate reasonably notices of consumer disputes and provide accurate responses. For Plaintiff to prevail on such a claim against Pinnacle, she must present evidence that (1) her consumer credit file contained inaccurate or incomplete information, (2) she notified Equifax of the inaccurate or incomplete information, (3) Equifax notified Pinnacle of the dispute, and (4) Pinnacle did any one of the following: (a) failed to conduct a reasonable investigation of the identified dispute; (b) failed to review all relevant information provided by the FCRA; (c) failed to report the results of its investigation to Equifax; or (d) if an item of information disputed by Plaintiff was found to be inaccurate, incomplete, or it could not be verified after any reinvestigation, failed to modify, delete, or permanently block the reporting of that item of information. *Ware v. Wells Fargo Bank, N.A.*, No. 14-cv-1595, 2014 WL 12861350, *5 (N.D. Ga. Aug. 8, 2014). In her complaint, Plaintiff alleges Pinnacle failed to conduct a reasonable investigation, failed to review all relevant information, and failed to

correct inaccurate information (specifically by not amending her report to show a scheduled monthly payment of $0.00).[2] (Dkt. 1 ¶¶ 32–43.)

Defendant Pinnacle concedes that it received notice of Plaintiff's dispute from Equifax. It also presented evidence that it both conducted a reasonable investigation and reviewed all relevant information. (Dkt. 38-2 ¶ 6.) Plaintiff presented no contrary evidence and, indeed, did not even address these factual assertions in opposing summary judgment. (*See generally* Dkt. 40 (disputing only the accuracy of Pinnacle's reported information).) Plaintiff thus has failed to raise a material fact as to whether Pinnacle violated § 1681s-2(b) in regard to the sufficiency of its investigation or the information it reviewed. The nut of this case is whether Plaintiff has presented evidence from which a jury could conclude Defendant Pinnacle failed to correct inaccurate information

---

[2] The Eleventh Circuit has recognized that a party cannot sustain a § 1681s-2(b) claim without making a threshold showing that "reported information regarding her account was inaccurate or incomplete." *Felts v. Wells Fargo Bank, N.A.,* 893 F.3d 1305, 1313 (11th Cir. 2018). Defendant Pinnacle cannot take advantage of this requirement at summary judgment, however, because, as stated above, it has failed to establish the contents of the initial information it provided to the credit reporting agencies.

when it responded to the ACDV and did not show a monthly scheduled payment of $0.00.

Based on the record and the existing case law, Pinnacle is entitled to summary judgment. (Dkt. 38-2 ¶ 6.) The information Pinnacle provided Equifax in response to Plaintiff's inquiry is undisputedly accurate. (*Id.* at 14–15.) It shows Plaintiff made her final payment on the account in January 2018, Pinnacle closed the account in June 2018, and Plaintiff owed nothing on the account. (*Id.* ¶ 6.) It also reported a scheduled payment of $94.00. Plaintiff does not say this information is inaccurate. Instead, she claims the inclusion of information about her $94.00 monthly payment somehow rendered the other information confusing and suggested she still had that monthly payment obligation. No reasonable juror could agree. Pinnacle clearly reported that it had closed the account with a zero balance. Anyone reading the report would understand she owed nothing. Put differently, no reasonable prospective lender would — upon reviewing the information Pinnacle provided and seeing a closed line-of-credit, a closed date more than a year old, and a $0.00 balance — find the reporting of a $94 scheduled payment to mean Plaintiff still owed that much each month.

In *Gibson v. Equifax*, on nearly identical facts, the district court came to the same conclusion. The plaintiff in that case (like Plaintiff here) alleged the defendant inaccurately reported scheduled payment amounts on her paid and closed account. *Gibson v. Equifax Info. Servs., LLC*, No. 5:18-cv-465-TES, 2019 WL 4731957 (M.D. Ga. July 2, 2019). Because the credit report showed the account had been closed with a zero balance, the district court found that information about the scheduled payment did not violate the FCRA. *Id.* at *4. The court explained that the closed and zero balance information would prevent any prospective lender from being materially misled about the plaintiff's current financial obligations. *Id.*

This Court adopts the conclusion of *Gibson* and many other courts that — in the face of accurate information showing an account was closed with no balance owed — the mere inclusion of information about previous payment terms neither causes confusion nor creates an inaccuracy so as to maintain a claim under the FCRA. *Meeks v. Equifax Info. Servs., LLC*, No. 1:18-cv-03666-TWT-WEJ, 2019 WL 1856411, at *5–6 (N.D. Ga. Mar. 4, 2019) (inclusion of historic payment terms insufficient to state claim); *see also Her v. Equifax Info. Servs., LLC*, No. 1:18-cv-05182-CC-RGV,

2019 WL 4295280, at *5–6 (N.D. Ga. July 12, 2019) (holding no FCRA violation to disclose historical payment terms of charged off and closed account with a balance of $0); *Seay v. Trans Union, LLC*, No. 7:18-cv-204 (HL), 2019 WL 4773827, at *5 (M.D. Ga. Sept. 30, 2019) (finding no FCRA violation when report included monthly payment but "very plainly" showed the account was closed with a $0 balance); *Marshall v. Robins Fin. Credit Union*, No. 5:19-cv-260 (MTT), 2020 WL 620575, at *2–3 (M.D. Ga. Feb. 10, 2020) (holding that, after reporting closed account with zero balance, "furnishing accurate historical information neither changes the accuracy of the report nor causes any confusion regarding [plaintiff's] account status"); *Foster v. Santander Consumer USA, Inc.*, No. 1:18-cv-4146-JPB-JFK, 2019 WL 8277273, at *7 (N.D. Ga. Dec. 17, 2019) (cataloging cases in which "other courts have found that a zero balance may cure inaccuracies such as the reporting of a scheduled monthly payment on a charged off debt"); *cf. Jackson v. Equifax Info. Servs., LLC*, No. 5:18-cv-00271-TES, 2019 WL 179570, at *3 (M.D. Ga. Jan. 11, 2019) (concluding FCRA violation occurred based on reporting of monthly payment amount when the account reported as closed but with a balance of $7,411 owing).

After a de novo review, the Court concludes no reasonable juror could find the information about Plaintiff's former monthly payment somehow renders inaccurate or confusing the other information Pinnacle provided.  No reasonable juror could conclude the information suggests Plaintiff currently has a monthly payment obligation or could otherwise materially mislead a prospective lender about the nature of her financial obligations.  Plaintiff's mere subjective belief the information is misleading is insufficient to avoid summary judgment.  *Meeks*, 2019 WL 1856411, at *7 (citing *Barakat v. Equifax Info. Servs., LLC*, No. 16-10718, 2017 WL 3720439, at *3 (E.D. Mich. Aug. 29, 2017) ("Courts have repeatedly held that a personal opinion is 'mere speculation that the notation was misleading' and is therefore insufficient to support a claim of inaccuracy under the FCRA.")  Likewise, her insistence that Pinnacle should have included a payment schedule of $0 in order to make her report more accurate is unavailing.  Pinnacle was not required to provide information in the manner most favorable to Plaintiff and fulfilled its duty by providing objectively accurate information.  *Cahlin*, 936 F.2d at 1158.  On the record presented here, the Court declines to adopt the R&R and instead grants Pinnacle's motion for summary judgment.

## IV. Conclusion

After conducting a de novo review, the Court **DECLINES** to adopt the Magistrate Judge's Report and Recommendation (Dkt. 45) and **SUSTAINS** Defendant Pinnacle Credit Union's Objections (Dkt. 48). The Court **GRANTS** Defendant Pinnacle Credit Union's Motion for Summary Judgment (Dkt. 38) and **DISMISSES** Plaintiff Tamiko Baker's claims.

**SO ORDERED** this 13th day of August, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE